UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| SHAWN M. STRAIN, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CAUSE NO. 2:14-cv-00374-WTL-WGH** |
| | ) | |
| MARK MINNICK, individually, | ) | |
| *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

ENTRY ON DEFENDANTS' MOTION TO DISMISS

Before the Court is the Defendants' fully briefed Partial Motion to Dismiss (Dkt. No. 9).

The Court, being duly advised, now **GRANTS IN PART AND DENIES IN PART** the

Defendants' motion for the reasons set forth below.

I.      RULE 12(b)(6) STANDARD

The Defendants move to dismiss the Plaintiff's Complaint pursuant to Federal Rule of

Civil Procedure 12(b)(6), arguing that the Complaint fails to state a claim for which relief can be

granted.  In reviewing a Rule 12(b)(6) motion, the Court "must accept all well pled facts as true

and draw all permissible inferences in favor of the plaintiff."  *Agnew v. National Collegiate

Athletic Ass'n*, 683 F.3d 328, 334 (7th Cir. 2012).  For a claim to survive a motion to dismiss for

failure to state a claim, it must provide the defendant with "fair notice of what the . . . claim is

and the grounds upon which it rests."  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting

*Erickson v. Pardus*, 551 U.S. 89, 93 (2007)) (omission in original).  A complaint must "contain

sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."

*Agnew*, 638 F.3d at 334 (citations omitted).  A complaint's factual allegations are plausible if

they "raise the right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550

1

U.S. 544, 556 (2007).  In other words, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563 (citation omitted).

## II.    BACKGROUND

### A.    Plaintiff's Factual Allegations

The facts that follow are taken as true for purposes of this Entry.

On April 29, 2013, the Plaintiff was a passenger in a vehicle that was stopped between 2:30 a.m. and 3:30 a.m. by three Terre Haute Police Department squad cars for a turn signal violation.  Officer Mark Minnick began to search the vehicle, and the Plaintiff told Officer Minnick that he could not legally search the vehicle without its driver's permission.  Following the Plaintiff's statement, Officer Minnick removed the Plaintiff from the vehicle.  Another passenger in the vehicle created a video recording of the incident.  At no time before or while being removed from the vehicle did an officer ask to see the Plaintiff's hands or inquire if he possessed a weapon.  The Plaintiff was unarmed.  Once removed from the vehicle, another officer, Officer Bryan Bourbeau, hit the Plaintiff in the right temple with a nightstick or flashlight, causing the Plaintiff to bleed from his right ear.  Both officers then detained the Plaintiff on the ground by kneeling on him.  The Plaintiff sustained injuries as a result, including broken vertebrae and wounds to his hip, elbow, and shoulder.  The Plaintiff was placed in a squad car and complained of severe back pain.  The officers summoned medical assistance, and the Plaintiff was then transported by a fire department medic to the emergency room.  Once treated, he was released to the officers and taken to the Vigo County Jail where he was charged and booked with resisting law enforcement.  The charge was later dropped.

**B.     The Lawsuit**

The Plaintiff filed suit in state court.  The state court lawsuit was removed to this Court, and the Plaintiff filed his amended complaint here on February 5, 2015 (the "Complaint").  The Plaintiff asserts several claims against the various defendants.  The Defendants now move to dismiss the following claims: 1) battery, false arrest, and false imprisonment under state law against Officers Minnick and Bourbeau; 2) negligence and negligent infliction of emotional distress under state law against all Defendants; 3) negligent supervision, retention, and training under state law against the City of Terre Haute (the "City") and John Plasse, Chief of the Terre Haute Police Department, in his official capacity; 4) malicious prosecution under 42 U.S.C. § 1983 against Plasse in his official capacity; 5) further violation of § 1983 against Plasse in his official capacity for deliberately indifferent policies, practices, customs, training and supervision; and 6) municipal liability in violation of § 1983 and pursuant to *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658 (1978), against the City (the "*Monell* claims").  The Defendants do not move to dismiss the Plaintiff's claims of excessive force, retaliation, and malicious prosecution under § 1983 against Officers Minnick and Bourbeau.

**III.     DISCUSSION**

**A.     Claims against Plasse**

The Court notes that the Plaintiff concedes that John Plasse was sued in his official capacity only and has also agreed to dismiss Plasse from the federal claims against him because those claims are redundant to the claims alleged against the City.  The Plaintiff similarly alleges state law claims of negligence, negligent infliction of emotional distress, and negligent supervision, retention and training against Plasse in his official capacity and the City.  The state law claims against Plasse in his official capacity are also duplicative of the same claims against

the City.  *See Schmidling v. City of Chicago*, 1 F.3d 494, 495 n. 1 (7th Cir. 1993) (affirming dismissal of official sued in official capacity because "[a] lawsuit against Mayor Daley in his official capacity is the same as a lawsuit against the City of Chicago.").  As a result, the Court dismisses Plasse from this lawsuit.  Claims against Plasse, therefore, will not be addressed in the remainder of this ruling.

## B.      State Law Claims

Pursuant to the Indiana Tort Claims Act ("ITCA"), the Plaintiff alleges against Officers Minnick and Bourbeau state law claims of false imprisonment, false arrest, and battery and against Officer Minnick, Officer Bourbeau, and the City claims of negligence and negligent infliction of emotional distress.[1]  The Plaintiff further alleges against the City a claim of negligent supervision, retention, and training.  The Defendants argue that the state law claims against Officers Minnick and Bourbeau should be dismissed because the ITCA bars suit against individual employees when they act within the scope of their employment.  Dkt. No. 10, at 4. The Defendants further argue that ITCA immunity bars the Plaintiff's negligence and negligent infliction of emotional distress claims against all Defendants and his negligent supervision, retention, and training claim against the City.  *Id.* at 6.

The ITCA provides personal capacity immunity, stating in relevant part that "[a] lawsuit alleging that an employee acted within the scope of the employee's employment bars an action by the claimant against the employee personally."  Ind. Code § 34-13-3-5(b).  However, the ITCA allows lawsuits against governmental employees in their personal capacities where the

---

[1]  In his response brief, the Plaintiff seeks leave to amend his complaint to add the City to his false arrest, false imprisonment, and battery claims.  *See* Pl's Br. 5.  Local Rule 7-1 requires a party to file motions separately.  If the Plaintiff wishes to amend his complaint, he must file a separate motion complying with Local Rule 7-1 and attaching his proposed amended complaint as required by Local Rule 15-1.

lawsuit "allege[s] that an act or omission of the employee . . . is: (1) criminal; (2) clearly outside the scope of the employee's employment; (3) malicious; (4) willful and wanton; or (5) calculated to benefit the employee personally."  Ind. Code § 34-13-3-5(c).  In addition, the statute contains a specific provision relating to law enforcement immunity and its limitations: "a governmental entity or an employee acting within the scope of the employee's employment is not liable if a loss results from: . . . [t]he adoption and enforcement of or failure to adopt or enforce [] a law (including rules and regulations) . . . unless the act of enforcement constitutes false arrest or false imprisonment."  Ind. Code. § 34-13-3-3(8).  The Indiana Supreme Court recognizes further exceptions specific to law enforcement immunity.  Immunity does not preclude claims of assault or battery against governmental entities or officers when a plaintiff alleges excessive force. *Wilson v Isaacs*, 929 N.E.2d 200, 203 (Ind. 2010) ("If an officer uses unnecessary or excessive force, the officer may commit the torts of assault and battery."); *Kemezy v. Peters*, 622 N.E.2d 1296, 1297 (Ind.1993) ("Under Indiana law, law enforcement officers owe a private duty to refrain from using excessive force in the course of making arrests.  Accordingly, the use of excessive force is not conduct immunized by [the ITCA].") (internal citations omitted).

Indiana Code § 34-13-3-5(c) further allows the Plaintiff to pursue these claims against Officers Minnick and Bourbeau *personally* if "[the] act or omission of the [officers] . . . is . . . malicious [or] . . . willful and wanton."  This is the case even if the officers acted in such a way within the scope of their employment.  *Kemezy*, 622 N.E.2d at 1298 (holding intentionally criminal and even wanton or willful use of force by police officer, may be within scope of employment where the wrongful acts "originated in activities so closely associated with the employment relationship as to fall within its scope").

The Plaintiff contends that Officers Minnick and Bourbeau were "at all times relevant" acting "within the scope of their official duties or employment" with respect to his false arrest and false imprisonment claims, Compl. ¶ 44, and "re-alleges and incorporates by reference [these same] allegations" in his battery claim. *Id.* at 13. He also alleges that the "acts were done by the Defendants intentionally, knowingly, willfully, wantonly, maliciously . . ." Compl. ¶ 34. The Court concludes that, pursuant to Indiana Code § 34-13-3-5(c), the Plaintiff pled sufficient facts regarding his false arrest, false imprisonment, and battery claims against the officers in their personal capacities. Therefore, the Defendants' Motion to Dismiss is **DENIED** with respect to the Plaintiff's false arrest, false imprisonment, and battery claims against Minnick and Bourbeau in their personal capacities.

The Plaintiff seems to argue that his claims for negligence and negligent infliction of emotional distress should survive because they stem from his other state law claims, which the statute exempts from law enforcement immunity. The Court does not agree. Add on claims such as negligence and intentional infliction of emotional distress do not survive simply because they are a product of improper conduct. Instead, the law enforcement immunity provision of the ITCA precludes state law claims of negligence and negligent infliction of emotional distress. *Miller v. City of Anderson*, 777 N.E.2d 1100, 1104 (Ind. Ct. App. 2002) (immunity applied to claim of negligence where plaintiff alleged false arrest); *City of Anderson v. Weatherford*, 714 N.E.2d 181, 185-86 (Ind. Ct. App. 1999) (immunity applied to claim of intentional infliction of emotional distress where plaintiff alleged false arrest). Therefore, consistent with Indiana Code § 34-13-3-3, the Defendants' Motion to Dismiss is **GRANTED** with respect to the Plaintiff's claims for negligence and negligent infliction of emotional distress against all Defendants.

The Plaintiff also alleges against the City a state law claim of negligent supervision, retention and training.  The Defendants argue that this claim should be barred by the ITCA's discretionary function immunity as found in Indiana Code § 34-13-3-3(7).  Dkt. No. 10 at 6. Generally, "the employment and supervision of deputies and employees in governmental offices . . . is a discretionary function" immunized under the ITCA.  *Foster v. Pearcy,* 387 N.E.2d 446, 449-50 (Ind. 1979).  *See also* Ind. Code § 34–13–3–3(7) ("A governmental entity or an employee acting within the scope of the employee's employment is not liable if a loss results from . . . [t]he performance of a discretionary function").  A narrow exception to discretionary function immunity exists:

> 'A public official may, however, be held liable if he violated constitutional or statutory rights that were clearly established at the time he acted such that a reasonably competent official should have then known the rules of law governing his conduct, *unless* the official pleads and proves in his defense extraordinary circumstances by virtue of which he neither knew nor should have known of the relevant legal standard.'

*Cantrell v. Morris*, 849 N.E.2d 488, 496 (Ind. 2006) (quoting *Kellogg v. City of Gary*, 562 N.E.2d 685, 703 (Ind. 1990)) (emphasis in original) (citations omitted) (adopting 42 U.S.C. § 1983 qualified immunity doctrine language).  The Plaintiff alleges no facts showing that the City, by its actions, violated the Plaintiff's clearly established constitutional or statutory rights.  As a result, he has not shown that an exception to the statutory immunity granted to the City by Indiana Code § 34–13–3–3(7) applies.  Therefore, the Plaintiff has not offered "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  Accordingly, the Defendants' Motion to Dismiss is **GRANTED** as to the Plaintiff's negligent supervision, retention, and training claim against the City.

## C.  *Monell* **Claims against the City of Terre Haute**

The Plaintiff alleges that the City maliciously prosecuted him and through its deliberately

indifferent policies, practices, customs, training, and supervision, violated his rights under 42

U.S.C. § 1983.  The Defendants argue that the Plaintiff has alleged "legal conclusions couched

as factual allegations" rather than sufficient factual allegations and has therefore failed to state

any claims against the City under § 1983.  Dkt No. 10 at 11 (quotations omitted).

Generally, a local government can be found liable under § 1983 only where the entity

itself, through its policy or custom, causes a constitutional violation.  *Monell*, 436 U.S. at 694;

*see also Hahn v. Walsh*, 762 F.3d 617, 638-39 (7th Cir. 2014) ("*Monell* permits suits against

municipal entities under § 1983, but only when a governmental policy or custom caused the

constitutional deprivation; municipal entities cannot be liable for their employees' actions under

a respondeat superior theory.").  Additionally, there is no heightened pleading standard in § 1983

actions.  *Leatherman v. Tarrant Cty. Narcotics Intelligence and Coordination Unit*, 507 U.S.

163, 168 (1993).  However, "[b]oilerplate allegations of a municipal policy, entirely lacking in

any factual support that a city policy does exist, are insufficient."  *Sivard v. Pulaski County*, 17

F.3d 185, 188 (7th Cir. 1994) (citation omitted).

The Plaintiff alleges, in relevant part, as follows:

36.  With deliberate indifference to the rights of citizens to be free from
excessive force by police, the Defendant City and Defendant Plasse have
encouraged, tolerated, ratified, and acquiesced to a dangerous environment of
police brutality by: failing to conduct sufficient training or supervision with respect
to the constitutional limitations on the use of force; by failing to adequately punish
unconstitutional uses of force; and by tolerating the use of unconstitutional force.

37.  It is the longstanding widespread deliberately indifferent custom, habit,
practice and/or policy of the Defendant City, Defendant Plasse and the Terre Haute
Police Department to permit police officers to use excessive force against
individuals when such use is unnecessary and unjustified, as well as to fail to
supervise and to train deputies in the appropriate constitutional limits on the use of

force, knowing that these members of law enforcement therefore pose a significant risk of injury to the public.

. . .

124.    The Defendants to this claim at all times relevant hereto were acting pursuant to municipal/county custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in its actions pertaining to Plaintiff.

. . .

135.    Defendant Plasse, Defendant City, and IAB [sic] were, at all times relevant, policymakers for the City and County of Terre Haute [sic] and the Terre Haute Police Department, and in that capacity established policies, procedures, customs, and/or practices for the same.

136.    These Defendants developed and maintained policies, procedures, customs, and/or practices exhibiting deliberate indifference to the constitutional rights of citizens, which were moving forces behind and proximately caused the violations of [the Plaintiff]'s constitutional and federal rights as set forth herein and in the other claims, resulted from a conscious or deliberate choice to follow a course of action from among various available alternatives.

137.    Defendant Plasse and the Defendant City have created and tolerated an atmosphere of lawlessness, and have developed and maintained long-standing, department-wide customs, law enforcement related policies, procedures, customs, practices, and/or failed to properly train and/or supervise its officers in a manner amounting to deliberate indifference to the Constitutional rights of Plaintiff and of the public.

138.    In light of the duties and responsibilities of those police officers that participate in arrests and preparation of police reports on alleged crimes, the need for specialized training and supervision is so obvious, and the inadequacy of training and/or supervision is so likely to result in the violation of constitutional and federal rights such as those described herein that the failure to provide such specialized training and supervision is deliberately indifferent to those rights.

Dkt. No. 5.

The Plaintiff presents boilerplate allegations that are no more than a "formulaic recitation of a cause of action's elements," which do not "raise [the] right to relief above the speculative level." *Twombly*, 550 U.S. at 555. *See*, *e.g*; *Rodgers v. Lincoln Towing Serv., Inc.*, 771 F.2d 194, 201-02 (7th Cir. 1985) (affirming dismissal of § 1983 claim against city where plaintiff

presented facts related to his treatment but did not allege additional facts supporting existence of systemic problems). Such pleading does not satisfy the Plaintiff's obligation to offer "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 440 U.S. at 570. Accordingly, the Defendants' Motion to Dismiss is **GRANTED** as to the Plaintiff's *Monell* claims against the City.

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' Motion to Dismiss for failure to state a claim upon which relief can be granted (Dkt. No. 9), as follows:

§ All claims against Defendant Plasse are DISMISSED;

§ All claims of negligence and negligent infliction of emotional distress are DISMISSED;

§ The Plaintiff's state law claim of negligent supervision, retention, and training and federal *Monell* claims against Defendant City of Terre Haute are DISMISSED;

§ State law claims of false arrest, false imprisonment, and battery remain pending against Officers Minnick and Bourbeau in their personal capacities; and

§ Claims against Officers Minnick and Bourbeau under 42 U.S.C. § 1983, which the Defendants did not move to dismiss, remain pending.

If the Plaintiff wishes to seek leave to amend his complaint to add the City to his state law false arrest, false imprisonment, and battery claims, he should do so within 21 days of the date of this Entry.

SO ORDERED:  10/28/15

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification